UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KENNETH GEORGE WOLFE in his personal capacity and on behalf of those similarly situated, ) ) ) ) | |
| Plaintiff, ) ) | No. 2:16-cv-00227-JMS-DKL |
| v. ) ) | |
| INDIANA GENERAL ASSEMBLY in their official and individual capacity, et al., ) ) ) | |
| Defendants. ) | |

**Entry Dismissing Amended Complaint and Directing Plaintiff to Show Cause**

**I. Screening**

Plaintiff Kenneth George Wolfe is an Indiana inmate confined at Wabash Valley Correctional Facility. He brings this civil rights claim under 42. U.S.C. § 1983 challenging the constitutionality of an Indiana statute. In his amended complaint filed on July 7, 2016, he names Representative Brian C. Bosma of the Indiana General Assembly as the defendant, in his individual and official capacity. Mr. Wolfe seeks declaratory and prospective injunctive relief.

Mr. Wolfe alleges that Ind. Code § 35-38-1-17, Reduction or Suspension of Sentence, violates his Fourteenth Amendment rights to due process and equal protection. He contends that the statute confers privileges on a class of citizens, non-violent offenders, which do not apply equally to other classes of citizens, violent offenders. Specifically, he asserts that under the statute non-violent offenders are not required to obtain consent of the prosecuting attorney before filing a petition for sentence modification, as violent offenders are required to do.

Mr. Wolfe further alleges that the statute is unconstitutional because it violates his right to access the courts and the doctrine of separation of powers by giving judicial power to

prosecuting attorneys. He also alleges that the statute violates Article 1 section 18 of the Indiana Constitution.

    Ind. Code § 35-38-1-17 provides, in part, the following:

> a) Notwithstanding IC 1-1-5.5-21, this section applies to a person who: (1) commits an offense; or (2) is sentenced; before July 1, 2014.
>
>                                           \*   \*   \*
>
> (j) This subsection applies only to a convicted person who is not a violent criminal. A convicted person who is not a violent criminal may file a petition for sentence modification under this section:
> (1) not more than one (1) time in any three hundred sixty-five (365) day period; and
> (2) a maximum of two (2) times during any consecutive period of incarceration; without the consent of the prosecuting attorney.
>
> (k) This subsection applies to a convicted person who is a violent criminal. A convicted person who is a violent criminal may, not later than three hundred sixty-five (365) days from the date of sentencing, file one (1) petition for sentence modification under this section without the consent of the prosecuting attorney. After the elapse of the three hundred sixty-five (365) day period, a violent criminal may not file a petition for sentence modification without the consent of the prosecuting attorney.
>
> (l) A person may not waive the right to sentence modification under this section as part of a plea agreement. Any purported waiver of the right to sentence modification under this section in a plea agreement is invalid and unenforceable as against public policy. This subsection does not prohibit the finding of a waiver of the right to sentence modification for any other reason, including failure to comply with the provisions of this section.

The statute allows non-violent offenders to file a maximum of two petitions for sentence modification during any consecutive period of incarceration. The statute allows violent offenders to file one petition for sentence modification without the consent of the prosecuting attorney if filed within one year from the date of sentencing. After the first year, a violent offender may not file any petition for sentence modification without the consent of the prosecuting attorney.

*Insufficient Claims*

Brian Bosma, Speaker of the Indiana House, cannot be sued in his individual capacity because state and federal legislators' actions that relate to legislative activity have absolute legislative immunity. *Reeder v. Madigan,* 780 F.3d 799, 802 (7th Cir. 2015). Passing legislation is an integral function of the legislature, and Speaker Bosma is therefore protected by absolute immunity. *Id.* Therefore, any claim asserted against Mr. Bosma in his individual capacity is **dismissed for failure to state a claim upon which relief can be granted.** Mr. Wolfe's claims shall be construed as having been brought against Speaker Bosma in his official capacity, which in all respects other than name is the State of Indiana.

In addition, Mr. Wolfe's equal protection claim must be dismissed for the same reasons it was dismissed in the original complaint. Dkt. 6. "To establish a prima facie case of discrimination under the equal protection clause, [the plaintiff is] required to show that he is a member of a protected class, that he is otherwise similarly situated to members of the unprotected class, and that he was treated differently from members of the unprotected class." *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir.2005) (internal quotation omitted). Mr. Wolfe cannot satisfy the first element of an equal protection claim. "'[V]iolent offenders' are not a suspect class." *Jones-El v. Grady,* 54 Fed.Appx. 856, 2002 WL 31833701 (7th Cir. Dec. 16, 2002).

"Where disparate treatment is not based on a suspect class and does not affect a fundamental right," offenders may be treated "differently as long as the unequal treatment is rationally related to a legitimate penological interest." *Flynn v. Thatcher,* 819 F.3d 990, 991 (7th Cir. 2016). A challenger can only satisfy the rational basis test "by showing that no state of facts reasonably may be conceived to justify the disputed classification." *United States v. Jester,* 139 F.3d 1168, 1171 (7th Cir. 1998) (internal quotation omitted). "This standard is extremely

respectful of legislative determinations and essentially means that we will not invalidate a statute unless it draws distinctions that simply make no sense." The statute permits violent offenders to file one petition for sentence modification within one (1) year of sentencing without the consent of the prosecuting attorney. The statute requiring the consent of the prosecuting attorney only applies to subsequent petitions. It can easily be imagined that the differentiation is related to the legitimate government interest of requiring violent offenders to serve their entire sentence after having an initial opportunity to seek a modification. For these reasons, Mr. Wolfe's equal protection claim is **dismissed for failure to state a claim upon which relief can be granted**.

Mr. Wolfe's First and Fourteenth Amendment claims that Ind. Code § 35-38-1-17 restricts his right to seek legal redress from the courts, *i.e.,* denial of judicial redress, have also been considered. To have standing to bring a claim of interference with one's right of access to the courts, a plaintiff must allege an actual injury. "However unsettled the basis of the constitutional right of access to courts, our cases rest on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury,* 536 U.S. 403, 415 (2002). "[T]o remove roadblocks to future litigation, the named plaintiff must identify a 'nonfrivolous,' 'arguable' underlying claim…" *Id.* A claim is "frivolous where it lacks an arguable basis either in law or in fact." *Neitkze v/ Williams,* 490 U.S. 319, 325 (1989). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Christopher,* 536 U.S. at 416. Mr. Wolfe alleges that the prosecuting attorney can unlawfully veto his petition for modification of sentence, but he has not alleged that he has a nonfrivolous basis on which to seek a modification of his sentence.

Accordingly, his denial of access claim is **dismissed for failure to state a claim upon which relief can be granted**.

To the extent that the amended complaint brings a claim based on Article 1 section 18 of the Indiana Constitution, such claim must be **dismissed for failure to state a claim upon which relief can be granted** because there is no private cause of action for damages under the Indiana Constitution. *See Cantrell v. Morris*, 849 N.E.2d 488, 491-93 (Ind. 2006); *City of Indianapolis v. Cox,* 20 N.E.3d 201, 212 (Ind. Ct. App. 2014) (rejecting claim under Article 1, section 23 equal privileges and immunities provision because "no Indiana court has explicitly recognized a private right of action for monetary damages under the Indiana Constitution.") (internal quotation omitted).

"[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). For the above reasons, the amended complaint fails to state a claim upon which relief can be granted as a matter of law and is therefore **dismissed pursuant to 28 U.S.C. § 1915A**.

## II.  Further Proceedings

The plaintiff shall have **through August 25, 2016,** in which to **show cause** why this action should not be dismissed for failure to state a claim upon which relief can be granted. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (plaintiffs should be given at least an opportunity to amend or to respond to an order to show cause before a case is "tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If the plaintiff fails to show cause or file a second amended complaint, the action will be dismissed for the reasons set forth in this Entry without further notice.

The clerk shall **update the docket** to reflect that the defendant is the State of Indiana and that Mr. Wolfe has brought this action on behalf of himself only.

**IT IS SO ORDERED.**

Date: <u>August 5, 2016</u>

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

KENNETH GEORGE WOLFE
863575
WABASH VALLEY CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.