UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| KENNETH GEORGE WOLFE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-00227-JMS-DKL |
| | ) | |
| BRIAN C. BOSMA, in his official capacity, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Dismissing Second Amended Complaint and Directing Entry of Final Judgment**

**I. Screening**

Plaintiff Kenneth George Wolfe is an Indiana inmate confined at Wabash Valley Correctional Facility. He brings this civil rights claim under 42 U.S.C. § 1983 challenging the constitutionality of an Indiana statute. In his second amended complaint, he names Representative Brian C. Bosma of the Indiana General Assembly as the defendant, in his official capacity. Mr. Wolfe seeks declaratory and prospective injunctive relief.

The second amended complaint is subject to screening pursuant to 28 U.S.C. § 1915A. This statute requires the court to dismiss the complaint or any claim within the complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

Mr. Wolfe alleges that he has been incarcerated for over thirty (30) years. For purposes of standing, the Court takes judicial notice of the fact that he was convicted of attempted murder. His claim is that Ind. Code § 35-38-1-17, Reduction or Suspension of Sentence, violates the separation of powers doctrine. Under the statute, violent offenders are required to obtain consent

of the prosecuting attorney before filing a (second) petition for sentence modification, while non-violent offenders are not. He alleges that the prosecutor is unlawfully allowed to function as a judge in considering violent offenders' motions for modification of sentence.

Mr. Wolfe's separation of powers claim has been rejected by the Indiana courts. *See Manley v. State,* 868 N.E.2d 1175, 1177 (Ind.Ct.App. 2007) (allowing prosecuting attorneys veto power over the sentencing judge did not violate the constitutional separation of powers doctrine because "courts retain only such continuing jurisdiction over sentencing matters as is permitted by the judgment itself or as is conferred upon the court by statute or rule") (citing *Beanblossom v. State,* 637 N.E.2d 1345 (Ind.Ct.App. 1994)). "The legislature was exercising its constitutional prerogative to limit the court's power in that regard." *Id.* The same separation of powers claim failed in *Reed v. State,* 796 N.E.2d 771, 774 (Ind.Ct.App. 2003). Mr. Wolfe's premise that the reduction of a sentence post-judgment is solely within the province of the judiciary is misplaced under Indiana law. Indeed, the Indiana Supreme Court has held that a sentencing judge does not have the authority to modify a sentence without the prosecutor's approval under Ind. Code § 35-38-1-17. *State v. Fulkrod*, 753 N.E.2d 630, 633 (Ind. 2001). "A trial judge generally has no authority over a defendant after sentencing; however, the legislature may give the court authority, under certain circumstances, to modify a defendant's sentence." *State v. Harper,* 8 N.E.3d 694, 696 (Ind. 2014). The limited authority given to courts under the challenged statute does not violate the separation of powers doctrine.

This is Mr. Wolfe's third attempt to state a claim challenging the constitutionality of Ind. Code § 35-38-1-17. In his original complaint, he unsuccessfully brought due process and equal protection claims. In his first amended complaint, he alleged that his First Amendment rights to access the courts were violated by the statute. That claim, too, was dismissed for failure to state a

claim upon which relief can be granted. Here, his attempt to bring a separation of powers claim is meritless. Accordingly, Mr. Wolfe has been given ample opportunities to state a viable claim. There is no reason to issue yet another order to show cause why the action should not be dismissed.

## II. Conclusion

For the above reasons, the second amended complaint fails to state a claim upon which relief can be granted as a matter of law and this action is therefore **dismissed pursuant to 28 U.S.C. § 1915A**. Judgment consistent with this Entry shall now issue.

The clerk shall **modify the docket** to reflect the sole defendant as Brian C. Bosma in his official capacity only.

**IT IS SO ORDERED.**

Date: August 23, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

KENNETH GEORGE WOLFE
863575
WABASH VALLEY CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.